Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of opaque white glass stones, faceted, similar in all material respects to those the subject of Abstract 59105, the claim of the plaintiffs was sustained.

**No. 59446.**—Saxe Cutch Corporation *v.* United States, protest 256089–K (Portland, Maine).

Opinion by WILSON, J. The official papers disclosed that the merchandise was liquidated at a dutiable value based on a price of 8½ cents per pound, plus 10 percent on the basis of a 60.5 percent tannin content. The protest claimed that liquidation should have been based on a tannin content of 56.22 percent. Accordingly, it was held that the issue in this case is not one of classification but rather a question of the value of the merchandise. Since no timely appeal for reappraisement under section 501, as amended, was filed, the protest was dismissed for lack of jurisdiction. (*Allen Forwarding Co.* v. *United States*, 59 Treas. Dec. 1433, T. D. 44986, cited.)

**No. 59447.**—S. E. Laszlo *v.* United States, protest 255696–K (A) (New York).

Opinion by WILSON, J. From an examination of the papers in the case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the decision of the collector. The protest was therefore overruled.

**No. 59448.**—S. E. Laszlo *v.* United States, protest 256395–K (A) (New York).

Opinion by WILSON, J. From an examination of the papers in the case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the decision of the collector. The protest was therefore overruled.

BEFORE THE SECOND DIVISION, NOVEMBER 17, 1955

**No. 59449.**—Ascot, Ltd., et al. *v.* United States, protests 249866–K, etc. (New York).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited*, and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiffs was sustained.

**No. 59450.**—Alexanders Dept. Stores, Inc., and Ascot, Ltd. *v.* United States, protests 259609–K and 259580–K (New York).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited*, and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiffs was sustained.

**No. 59451.**—Pennson International Corporation *v.* United States, protest 247330–K (Detroit).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise consists of brass rods similar in all material respect to those the subject of *John V. Carr & Son, Inc.* v. *United States* (33 Cust. Ct. 286, C. D. 1666), the claim of the plaintiff was sustained.

**No. 59452.**—J. C. Siegelman Co., Inc. *v.* United States, protest 270258–K (New York).

Opinion by Rao, J. In accordance with stipulation of counsel that the merchandise consists of cotton velveteen twill-back cloth, having a length of staple of the cotton contained therein of under 1⅛ inches, the claim of the plaintiff was sustained.